No. 28,782.

MAUDE HANCOCK, *Appellant,* v. ANTON ROITZ, *Appellee.*

(281 Pac. 891.)

Opinion filed November 9, 1929.

*Thomas W. Clark,* of Pittsburg, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In this case the plaintiff has appealed from an order of the court sustaining a demurrer to the second cause of action of her petition. In this cause of action it was alleged, in substance, that in August, 1926, plaintiff purchased from defendant certain

lots, with the improvements thereon, in the city of Frontenac for the sum of $1,050, paying $150 in cash and agreeing to pay the balance of $900 in three years with interest at six per cent per annum, payable semiannually, in accordance with the terms of a written contract, a copy of which was attached to the petition; that the contract provided, among other things:

"Said second party (the plaintiff here) further agrees to keep all improvements on said premises insured against loss by fire, lightning or wind storms in the name of the party of the first part in an amount sufficient to pay for the destruction of said improvements and the amount collected (if any) on such insurance shall be credited on this contract against the balance due from party of the second part . . ."

The petition alleged that before plaintiff insured the property defendant requested plaintiff to permit him to have the insurance written by a relative of defendant's at Frontenac, to which plaintiff agreed and relied upon; that plaintiff and defendant at the time agreed that defendant should procure insurance to an amount of $1,050, covering the interest of plaintiff and defendant; that defendant did insure the premises for $850 in his own name, but failed and neglected to procure enough insurance to protect plaintiff, as agreed; that since the loss and destruction of the buildings on the premises by fire defendant collected insurance in the sum of $850 and failed, neglected and refused "to credit the same upon said contract, as the same became due, and has since converted said insurance money to his own use"; that at the time the improvements on the premises were destroyed by fire plaintiff was occupying the same as her home; that she was a married woman and had not waived her homestead rights in the property; that the proceeds from the insurance collected by the defendant, with the exception of the amount, if any, that was due upon the contract, were exempt from seizure or conversion by defendant; that at the time of the filing of the petition herein there was due defendant interest on the contract in the sum of $72, and that there was due plaintiff as interest in the amount defendant had collected from the insurance company, $32.38, leaving a difference due defendant of $39.62. Plaintiff alleged she was entitled to recover from defendant, because of the insurance money collected by him, $810.38, the additional sum of $200 in damages because of defendant's failure to insure the premises for the full sum of $1,050, and recover the further sum of $150 for damages because the defendant willfully and maliciously collected the insurance money and applied the same to his own use and benefit.

The question before us is whether or not this petition states a cause of action. We note that the plaintiff predicates her right to recover the insurance money collected by defendant on the theory that there was nothing due defendant at the time the property was destroyed by fire, or at the time the insurance money was collected, except interest. This is a strained and inaccurate construction of the contract between the parties. That contract provided that the amount collected, if any, by defendant on such insurance "shall be credited on this contract against the balance due from party of the second part." This term "balance due" unquestionably refers "to the amount yet to be paid upon the contract, namely, $900, and is not limited to the amount of interest on the unpaid portion of the purchase price which had accrued and was unpaid at the time the money was so collected. Defendant was entitled to keep all of the insurance money collected up to the amount remaining unpaid on the purchase price of the property. .

This construction disposes of all contended for by plaintiff in her second cause of action except $200. Plaintiff alleged that because defendant desired the insurance to be written by an agent at Frontenac, the parties agreed that defendant should procure insurance to an amount of the total value of the property, $1,050, which of necessity would be the full value of the improvements and the real estate upon which they were situated, and that he failed to procure that much insurance, but procured only $850. This agreement, if made, was at variance with their written agreement, which provided that insurance would be procured "in an amount sufficient to pay for the destruction of said improvements." In other words, there was nothing in the contract between them which contemplated that insurance would be procured on the improvements for an amount not only to pay for their destruction, but to pay for the value of the land on which they were situated. If any parol agreement of that kind was entered into between the parties we would regard it as void as against public policy. There is no allegation in the petition that defendant failed to procure insurance in an amount sufficient to pay for the destruction of the improvements; hence, on this feature of the case, the demurrer was properly sustained.

The judgment of the court below is affirmed.